IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GERALD I. SMITH, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. Act. No. 1:19-cv-01325-CFC-SRF |
| PEOPLE'S PLACE II, INC. and JOSEPH C. ZINGARO, | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Pending before me are Plaintiff's objections (D.I. 15) to the Magistrate Judge's Report and Recommendation issued on October 16, 2019 (D.I. 14). The Magistrate Judge recommended in her Report and Recommendation that I grant Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 7) and Defendants' Motion for Leave to File under Seal Exhibits A, B and C of Defendants' Opening Brief in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 6). I have reviewed the Report and Recommendation, the objections, and Defendants' response (D.I. 16).

1. The allegations in Plaintiff's complaint arise out of a custody dispute that followed a divorce proceeding in the Delaware Family Court. After hearing testimony and considering the record evidence, including an evaluation of Plaintiff

conducted by Defendant Dr. Zingaro, the Family Court granted custody of the Plaintiff's children to their mother, Plaintiff's ex-wife. Plaintiff appealed the custody ruling, which was affirmed by the Delaware Supreme Court in August 2018. Plaintiff then filed the instant action, accusing Dr. Zingaro and his employer, Defendant People's Place II, Inc., of fraud, gross negligence, negligence, negligent infliction of emotional distress, and vicarious liability.

2. I referred the case to the Magistrate Judge, authorizing her to conduct all proceedings through and including the pretrial conference and to hear and determine all motions. D.I. 11.

3. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claims on which relief can be granted. D.I. 7.

4. In a detailed and well-reasoned Report and Recommendation, the Magistrate Judge explained the many reasons why Plaintiff's Complaint failed to state any claim upon which relief can be granted. *See generally* D.I. 14. The Magistrate Judge recommended that I grant Defendants' motion to dismiss. *Id.* at 23. The Magistrate further recommended that I grant Defendants' pending motion to seal, as that motion was unopposed by Plaintiff and was sought in order to prevent the disclosure of confidential and sensitive information about Plaintiff's minor children. *Id.*

5. Plaintiff does not object to the Magistrate Judge's recommendation that I grant the motion to seal. He does, however, object to the Magistrate Judge's findings and recommendation with respect to Defendants' motion to dismiss. Plaintiff accuses the Magistrate Judge of false assertions, violating his constitutional rights, failing to follow binding precedent, and committing numerous legal errors. *See generally* D.I. 15.

6. The Magistrate Judge had the authority to make the findings and recommendation she did with respect to Defendants' motion to dismiss under 28 U.S.C. § 636(b)(1)(B). I review her finding and recommendation *do novo*. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

7. Plaintiff argues first that the Magistrate Judge "falsely asserted that the 'Plaintiff subsequently expressed concerns that Ms. Smith and her lawyer improperly tried to influence Dr. Zingaro's opinion.'" D.I. 15 ¶ 1. This factual statement, however, comes directly from Plaintiff's complaint. D.I. 2 ¶¶ 8, 10.

8. Plaintiff next argues that the Magistrate Judge legally erred in determining that Dr. Zingaro is immune from suit under the doctrine of judicial and witness immunity. *Id.* ¶2. But all of Plaintiff's claims against Dr. Zingaro arise out of Dr. Zingaro's appointment by the Family Court to provide that court with a custody evaluation and recommendation, and therefore the Magistrate Judge

3

correctly held that under *Hughes v. Long,* 242 F.3d 121, 126 (3d Cir. 2011), Dr. Zingaro is immune from liability. D.I. 14 at 7–11. The fact that Plaintiff and his ex-wife, at the Family Court's direction, split the cost of the services Dr. Zingaro provided to the Court has no bearing on Dr. Zingaro's status as a court-appointed expert.

9. Plaintiff next argues that the Magistrate Judge's recommendation that his gross negligence claim should be dismissed violates his constitutional right to have that claim submitted to a jury at a trial. D.I. 15 ¶ 4. But as Plaintiff himself acknowledges, "a moving party [is] entitled to a finding and judgment as a matter of law" when "the facts permit reasonable persons to draw but one inference." *Id.* (internal quotation marks and citation omitted). Here, as the Magistrate Judge explained in the Report and Recommendation, the Complaint does not allege gross negligence because the facts it alleges—i.e., that Dr. Zingaro failed to interview individuals Plaintiff thought he should interview and failed to consider Plaintiff's Army medical records—do not allow for a plausible inference that Dr. Zingaro's conduct was flagrant or grossly deviated from the standard of care. *Brandow Chrysler Jeep Co. v. DataScan Techs.,* 346 F. App'x 843, 846–47 (3d Cir. 2009). Moreover, contrary to Plaintiff's arguments, the cost-splitting of Dr. Zingaro's fees ordered by the Family Court did not impose on Dr. Zingaro a duty of care owed to Plaintiff.

10. Plaintiff's next argument—that the Magistrate Judge erred in applying Rule 9(b) to his fraud claims, D.I. 15 ¶ 5—is manifestly wrong. *See* Fed. R. Civ. P. 9(b); *Seville Indus. Mach. Corp. v. Southmost Mack Corp.*, 742 F. 2d 786, 791 (3d Cir. 1984).

11. Plaintiff next argues that the Magistrate Judge "legally erred by stating [that] 'the complaint fails to sufficiently plead the requisite reliance by plaintiff on the alleged misrepresentations by Dr. Zingaro.'" D.I. 15 ¶ 6. But as the Magistrate Judge correctly noted, nothing in the complaint suggests that Plaintiff relied on any of the alleged misrepresentations attributed to Dr. Zingaro. *See* D.I. 14 at 13–14. On the contrary, as Plaintiff admits in his objections, it was the Family Court—not Plaintiff—that relied on Dr. Zingaro's statements that Plaintiff claims are false or misleading by omission. *See* D.I. 14 ¶ 11.

12. Plaintiff next argues that the Magistrate Judge "erred in stating that the 'Plaintiff's application for social security disability benefits is a matter outside the pleadings that was not incorporated by reference into the complaint and, therefore, it cannot be properly considered by the court.'" *Id.* ¶ 13. But the Magistrate Judge's statement is true, and therefore not erroneous.

13. Finally, Plaintiff confusingly argues that the Magistrate's recommendation that Plaintiff's vicarious liability claim be dismissed was erroneous both because the Magistrate Judge "*fail[ed] to consider* that Dr. Zingaro

was culpable of fraud," *id.* ¶14, *and* because the Magistrate Judge '*decid[ed] the merits* of the Plaintiff's complaint[,]" *id.* ¶ 15 (emphasis added). In fact, the Magistrate Judge did what is required when assessing a Rule 12(b)(6) motion. She assumed the truth of the Complaint's factual allegations and, without weighing any disputed fact, determined that Plaintiff had failed to allege facts from which it could plausibly be inferred that Dr. Zingaro is liable for fraud or negligence.

WHEREFORE, on this 11th day of December 2019, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 15) are OVERRULED;

2. The Report and Recommendation (D.I. 14) is ADOPTED;

3. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 7) is GRANTED; and

4. Defendants' Motion for Leave to File under Seal Exhibits A, B and C of Defendants' Opening Brief in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 6) is GRANTED.

COLM F. CONNOLLY<br>
UNITED STATES DISTRICT JUDGE